THE PEOPLE OF THE STATE OF NEW YORK, ex rel. BENJAMIN K. PHELPS, v. CHARLES DONOHUE, one of the Justices of the Supreme Court.

*Habeas corpus act — power under, to command action of inferior tribunal.*

One Jewett, charged with an offense, demanded an examination before the police justice, whereupon the proceedings were adjourned. On the day to which they were adjourned, he waived an examination, and offered bail for his appearance at the General Sessions. The police justice refused to accept the bail, and proceeded with the examination; whereupon he was served with a writ of *certiorari*, issued by a justice of the Supreme Court, under the *habeas corpus* act, and, on the hearing had on the return thereto, it was ordered that the police justice at once fully commit the said Jewett for trial with or without bail, or fully discharge him. *Held*, that no such order was authorized by the *habeas corpus act*.

*Semble*, that the only power to interfere in such cases would be by the mandamus of a superior court, or that form of *certiorari* which would bring up for review the alleged illegal assumption of power.

This matter came before this court upon a writ of *certiorari*. The return showed that a written complaint was made before Bankson T. Morgan, Esq., a police justice of the city of New York, against Hugh J. Jewett, charging him with the crime of perjury in an affidavit made by him as president of the Erie Railway Company, verifying the annual return of that company to the State Engineer for the year ending September 30th, 1877:—

That Mr. Jewett was arrested and brought before the justice on a warrant duly issued upon such complaint. That he then demanded an examination, whereupon a day was appointed therefor, and bail given for his appearance thereupon; that on the day appointed the complainant appeared with his witnesses, as also Mr. Jewett, when the latter waived an examination and proffered bail, the counsel for the complainant and the people insisting that, nevertheless, the magistrate should proceed to the examination of the complainant and his witnesses in the mode provided by the statute. That the magistrate held it to be his duty so to do, and proceeded with the examination until served with a writ of *certiorari*, issued by Justice Donohue, commanding him to return to said justice the proceedings before him. That the magistrate thereupon suspended the examination and made the required return. That Justice Donohue thereupon, after argument, made an order, directing the police justice at once to fully commit, discharge, or let to bail the accused. The purpose of the present writ is to review that action of Justice Donohue.

*Wm. A. Beach*, for the relator.

*Wm. Fullerton* and *John R. Fellows*, for the respondent.

*Per Curiam :*

The proceedings brought up for review in this case, were taken before the respondent upon a writ of *certiorari* issued by him as one of the justices of this court, under the provisions of the Revised Statutes, authorizing writs of *habeas corpus* and *certiorari*, to inquire into causes of detention, etc.

The object and purpose of such writs of *habeas corpus* and *certiorari* are clearly defined by the statutes (3 R. S., 6th ed., 874), and the power of the judge or other officer issuing the same is also defined to be, either to remand to custody the person alleged to be detained, or to discharge such person, or in proper cases to let him to bail. The return in this case shows that Hugh J. Jewett had been arrested and brought before Bankson T. Morgan, Esquire, a police justice of the city of New York, charged with a felony; that, on being brought before the police justice, he demanded an examination, whereupon a day was appointed for such examination, and bail was given by him for his appearance

from day to day; but that on appearing on the day to which the examination was adjourned, he waived examination, and offered bail for his appearance at the court of General Sessions, to answer the complaint. The police justice thereupon adjourned the hearing to another day, at which time the defendant appeared and renewed his offer of bail to appear and answer at the court of General Sessions, and the police justice declined to accept bail, and decided to proceed with the examination. He accordingly did so proceed, and after two witnesses had been sworn, and while the second witness was being cross-examined by the counsel for the defendant, the police justice was served with a writ of *certiorari* issued under the *habeas corpus* act, allowed by the respondent and returnable before him at one o'clock of the same day. The police justice thereupon made return to the writ setting forth in substance the facts above stated, and also that he had further adjourned the examination until the following day. The matter was brought to a hearing on the return and traverse before the respondent, on the same day, and after the hearing thereof, the following order was made and entered:

IN THE MATTER .

OF THE

APPLICATION OF HUGH J. JEWETT.

On the *certiorari* heretofore issued herein by me to the Honorable Bankson T. Morgan, a police justice of the city and county of New York, and on the return thereto this day made by him, and the traverse thereto on the part of the said Hugh J. Jewett, and after hearing John R. Fellows, Esq., as attorney for, and on behalf of said Hugh J. Jewett and Benjamin K. Phelps, Esq., the district attorney on behalf of the said, the Honorable Bankson T. Morgan:  It is hereby ordered that the said the Honorable Bankson T. Morgan proceed at once to fully commit the said Hugh J. Jewett for trial with or without bail, or fully discharge him.

CHAS. DONOHUE,

J. S. C.

It seems to us that the learned judge exceeded his authority in the matter then before him.    The order made is nothing more nor less than a peremptory writ of mandamus in the form of an order. It commands an inferior tribunal before whom a proceeding was then pending " at once " to take the alternative action specified in the order; that is " *to fully commit the petitioner for trial with or without bail, or to fully discharge him.*"    It would be a dangerous precedent, we think, to hold that in proceedings by *habeas corpus* or *certiorari* under the statutes above referred to, a judge or a court can command an inferior tribunal having jurisdiction of any matter pending  before it, to take such action as might to such judge or court seem to be proper,  even if it appeared that the inferior tribunal  was exceeding its authority in the mode of conducting the proceedings before it.    The  only power to interfere in such cases would be by the mandamus of a superior court, or possibly by that form of *certiorari* which would bring up for review to a court having jurisdiction for that purpose, the alleged illegal assumption of power on the part of the inferior tribunal. If the police justice had refused to obey the  order in this case, we know of no authority by which the learned judge could have proceeded to compel his obedience,

It is not necessary to discuss the principal question, to wit, tne power of a police justice to proceed with an examination where the prisoner appears and waives the same, and offers bail for his appearance at the court of General Sessions.    Upon that question as the argument was heard  before two of the justices of the court it might have been necessary to have ordered a reargument of the case.    But as we have no doubt that the error above considered is fatal to the proceedings below, we feel it our duty to reverse the order.

It was suggested on the argument by the counsel, and, as we understand, concurred in by all parties, that the police justice had, in obedience to the order, discontinued the examination, and received bail from the petitioner for his appearance at the General Sessions.    If this be so, that act terminated his jurisdiction of the case, even though he was led to accept bail by the unauthorized order made in the *certiorari* proceedings.    All further jurisdiction of the complaint then pending, is transferred to the grand jury

and the court of General Sessions before whom the bail was given to appear. Of course the order in this case will not have the effect to reinstate any such jurisdiction in the police magistrate, whatever might have been its effect, if he had refused to let the defendant to bail, and persisted in such refusal.

Present—DAVIS, P. J., and BRADY, J.

Order reversed.